IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIEANNE FAMA,                                No. Civ. S-06-2771 DFL KJM

     Plaintiff,                              Memorandum of Opinion
                                                      and Order
    v.

ASTRAZENECA PHARMACEUTICALS LP,
MERCK & CO., INC., and WATSON
PHARMACEUTICALS,

     Defendants.          /

    Plaintiff Julieanne Fama filed suit against defendants AstraZeneca Pharmaceuticals, Merck & Co., and Watson Pharmaceuticals in El Dorado County Superior Court alleging that a drug produced under various names by defendants caused her miscarriage.  On December 5, 2006, AstraZeneca removed the case based upon diversity of citizenship.  On December 11, Merck filed a motion to dismiss Fama's design defect claim, one of multiple liability theories alleged in her complaint.  On January 4, 2007, Fama filed a motion to remand.  The court

1

GRANTS the motion to remand and, therefore, does not reach the motion to dismiss.

I.

AstraZeneca, Merck, and Watson produce a form of the generic drug Lisinopril, an ACE inhibitor used for controlling blood pressure, treating heart failure, and preventing kidney damage in patients with hypertension or diabetes.  Fama began using Lisinopril after she was diagnosed with hypertension.  In August 2004, Fama learned that she was pregnant and informed her physician.  Although Fama questioned her physician about whether she should continue taking the drug, the physician did not alter her treatment.  In November 2004, Fama discovered during a routine sonogram that the fetus had died in vitro.  Fama alleges that the death resulted from her use of Lisinopril.

Fama seeks recovery based upon theories of negligence, strict products liability, breach of implied warranty, fraud, and negligent misrepresentation.  Defendant AstraZeneca removed the action, with Merck's consent, and argued that Watson is a fraudulently joined defendant.  Fama is a citizen of California. AstraZeneca is a limited partnership, the partners of which are citizens of Sweden, Delaware, and New York.  Merck is a New Jersey corporation with its principle place of business in New Jersey.  Watson is a Nevada corporation with its principle place of business in California.

II.

A.   Motion to Remand

AstraZeneca removed the action, with Merck's consent, on the basis of diversity jurisdiction.  AstraZeneca initially argued that Watson is a "sham defendant" because Fama failed to allege that she purchased, ingested, or was injured by Watson-produced Lisinopril.  Fama, however, filed an affidavit with her motion to remand stating that she orally ingested Lisinopril manufactured and distributed by Watson.[1]  In addition, she stated that she could not rule out the possibility that she also took versions of the drug manufactured by AstraZeneca and Merck until she gained access to her pharmacy records.  Based upon the affidavit, AstraZeneca agrees that there is a possibility that Fama can state a claim for relief against Watson.  Since Watson is a citizen of California under 28 U.S.C. § 1332(c)(1), complete diversity is destroyed and remand is appropriate.  28 U.S.C. § 1447(c).  AstraZeneca no longer opposes Fama's motion to remand.  The motion is GRANTED.

/

---

[1]  Fama amended her affidavit at AstraZeneca's request.  The original affidavit did not state that she had taken Lisinopril produced by Watson, but included photocopies of her prescription bottle for Lisinopril that clearly displayed Watson as the manufacturer.  Although AstraZeneca claims the original affidavit was insufficient to demonstrate that Watson was a legitimately joined defendant, the court does not reach the issue following Fama's submission of an amended affidavit.

B.   Motion to Dismiss

    Merck seeks to dismiss Fama's strict liability design defect claim.  Since the court lacks jurisdiction over the action due to the absence of complete diversity, it does not reach the motion.

                                III.

    The court GRANTS the motion to remand and does not reach the motion to dismiss.

    IT IS SO ORDERED.

Dated:  April 9, 2007


                                    /s/ David F. Levi_____
                                    DAVID F. LEVI
                                    United States District Judge